Lanning M. Trueb, ABA #8911083
JOHNSON BEARD & TRUEB, PC
330 L Street
Anchorage, AK 99501
Phone: (907) 277-0161
Fax: (907) 277-0164
Email: Lmtrueb@msn.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ASHLEY BECK,<br><br>    Plaintiff,<br><br>v.<br><br>DOMINATOR FISHERIES, LLC,<br><br>    Defendant. | No. 20-cv-_____<br><br>**COMPLAINT FOR<br>MARITIME PERSONAL INJURIES**<br><br>**Trial by Jury Demanded** |

**ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY
AND PREPAYMENT OF COSTS
(28 U.S.C. §1916)**

Plaintiff Ashley Beck, through counsel Johnson Beard & Trueb, PC, alleges the following causes of action against Defendant.

**JURISDICTION**

1. This is a case of admiralty and maritime jurisdiction as herein more fully appears. The negligence action against plaintiff's employer, the owner of the vessel on which he served, arises under §33 of the Merchant Marine Act of 1920, presently found at 46 U.S.C. § 30104 (Jones Act), and/or the general maritime law. Plaintiff elects to try his claims at law before a jury. For the reasons noted more fully below, both jurisdiction and venue are appropriate before this Court.

Complaint
*Beck v. Dominator Fisheries, LLC*   Page 1 of 5
Case 3:20-cv-00045-SLG   Document 1   Filed 02/25/20   Page 1 of 5

2. Plaintiff, a seaman, was injured aboard a vessel while on navigable waters of the United States of America.

3. Defendant is an Alaska company with its principle place of business in Kodiak, Alaska.

4. Plaintiff is a citizen of the United States of America; and at all material times resides in Texas.

5. During all times herein mentioned, defendant was plaintiff's employer.

6. During all times herein mentioned, defendant was the owner and/or owner *pro hac vice* and/or operator and/or charterer and/or controller of the F/V ILSE DOMINATOR, O.N. 1246391.

7. Plaintiff's injuries occurred on or about the first week of January 2020. Per 46 U.S.C. § 30106, plaintiff's claims are timely filed.

## NEGLIGENCE AND UNSEAWORTHINESS

8. Plaintiff hereby realleges and incorporates paragraphs 1-7.

9. On or before January 2, 2020, plaintiff was engaged as a seaman by defendant to be employed aboard the F/V ILSE DOMINATOR.

10. On and after January 2, 2020, and while plaintiff was performing his duties aboard the F/V ISLE DOMINATOR, and as a direct and proximate result of the negligence of defendant and/or as the direct and proximate result of the unseaworthiness of the F/V ISLE DOMINATOR, plaintiff incurred severe injuries to his chest, shoulder, arm and other body parts, when, in furtherance of his duties, he incurred repeated blows to his chest by fishing pots which caused the formation of an abscess, which in turn became infected resulting in almost two weeks hospitalization and surgery.

Complaint
*Beck v. Dominator Fisheries, LLC* Page 2 of 5
Case 3:20-cv-00045-SLG Document 1 Filed 02/25/20 Page 2 of 5

11. As a direct and proximate and result of said negligence and/or unseaworthiness as herein alleged, plaintiff was caused to suffer injuries, inter alia, to his chest, shoulder, arm and other body parts, and suffered and may continue to suffer in the future, great amounts of physical pain with resultant physical disability, as well as emotional and mental injury.

12. Additionally, after plaintiff suffered his injuries on the F/V ISLE DOMINATOR, defendant, despite many repeated requests and demands, failed to provide plaintiff any maintenance, cure and/or unearned wages. In addition to paying no maintenance or unearned wages, as of the time of this filing plaintiff is out of pocket for medical travel, medical prescriptions and medical bills, and estimates there is outstanding about $200,000 in medical bills referable to his vessel injury and illness. Defendant's failure to provide plaintiff maintenance, cure and/or unearned wages was and is a violation of defendant's duties under the Jones Act and was and is the direct and proximate cause of additional economic loss and additional pain and suffering and emotional injury incurred by plaintiff.

13. As a direct and proximate cause of the above-described injuries, plaintiff was prevented from, and may in the future be prevented from, completely pursuing his regular occupation. In addition to the loss of income plaintiff has already suffered and will in the future suffer because of said injuries, plaintiff was prevented from, and he may in the future be prevented from, enjoying the enjoyments and pursuits of life. Plaintiff may in the future suffer disfigurement and disability. Plaintiff has further incurred, and may in the future incur, reasonable and necessary medical expenses, including but not limited to physician fees and medication costs, as well as life care costs, all to plaintiff's damage in a sum in excess of One Hundred Thousand Dollars ($100,000.00), to be proven more definitely at trial in this matter.

## CLAIMS FOR MAINTENANCE, CURE & UNEARNED WAGES

14. Plaintiff hereby realleges and incorporates Paragraphs 1-13.

15. A vessel employer owes all seaman who become ill or injured while in the service of the vessel the no-fault maritime obligations of maintenance, cure and unearned wages.

16. The vessel employer's obligation to pay maintenance, cure and unearned wages is the most pervasive of all the obligations owed a seaman.

17. Defendant was plaintiff's vessel employer.

18. Defendant owed a duty to pay plaintiff maintenance, cure and unearned wages for the injuries and illness plaintiff incurred and which arose while he was in the service of the F/V ISLE DOMINATOR.

19. Defendant breached and continues to breach its duties to pay plaintiff maintenance, cure and unearned wages; and plaintiff herein brings claim for the maintenance, cure and unearned wages owed.

## CLAIMS FOR ATTORNEY'S FEES & PUNITIVE DAMAGES
## FOR FAILURE TO PAY MAINTENANCE, CURE & UNEARNED WAGES

20. Plaintiff hereby realleges and incorporates Paragraphs 1-19.

21. Following plaintiff's injury, plaintiff repeatedly requested that defendant provide him with the maritime benefits of maintenance, cure and unearned wages.

22. Despite request, defendant, as of the date of this filing, failed to pay plaintiff any maintenance, cure or unearned wages.

23. Defendant's intentional failure to pay plaintiff maintenance, cure and unearned wages was and is willful, intentional, and callous; and done with a deliberate disregard of plaintiff's well-being.

Complaint
*Beck v. Dominator Fisheries, LLC*    Page 4 of 5
Case 3:20-cv-00045-SLG   Document 1   Filed 02/25/20   Page 4 of 5

24. As a result of defendant's actions, plaintiff was required to hire an attorney and incur costs in an attempt to obtain the maritime benefits owed.

25. In addition to paying no maintenance or unearned wages, as of the time of this filing plaintiff is out of pocket for medical travel, medical prescriptions and medical bills, and estimates there is outstanding about $200,000 in medical bills referable to his vessel injury and illness.

26. As a result of defendant's actions in refusing to pay plaintiff's maintenance, cure and unearned wages, plaintiff is entitled to his actual attorney's fees and punitive damages.

WHEREFORE, PREMISES CONSIDERED, plaintiff prays this Court to hear his just cause of action, and that this Court require defendant to answer his just cause of action, and that he be awarded judgment against defendant as follows:

1. That plaintiff be awarded past and future maintenance and cure against defendant.

2. That plaintiff be awarded compensatory damages, general and special, and punitive damages against defendant in a sum in excess of $100,000.00, in an amount to be more fully determined at trial in this matter.

3. That plaintiff be awarded attorney's fees, prejudgment interest, post-judgment interest, costs, and any other relief in law or equity to which plaintiff is shown to be entitled

DATED this 25th day February, 2020.

JOHNSON BEARD & TRUEB, PC
Attorneys for Plaintiff

By: */s/ Lanning M. Trueb*
Lanning M. Trueb, ABA #8911083

Complaint
*Beck v. Dominator Fisheries, LLC* Page 5 of 5
Case 3:20-cv-00045-SLG   Document 1   Filed 02/25/20   Page 5 of 5